UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Timothy Aduleit,<br><br>                              Plaintiff,<br>           -v-<br><br>Call-A-Head Portable Toilets, Inc.,<br><br>                              Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Timothy Aduleit, on behalf of himself, by Abdul K. Hassan, his attorney, complaining of defendant Call-A-Head Portable Toilets, Inc. ("CPT" or "Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder as well as NYLL 190-198 and the regulations thereunder.

3. Plaintiff also complains that he was terminated and discharged in discrimination and retaliation by defendant because, in good faith, he complained of and opposed defendant's failure to pay his required wages (including overtime wages). Such retaliatory termination violates the FLSA at 29 USC § 215 and NYLL § 215 and plaintiff is entitled to and seeks to

recover all damages available under these statutes.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Timothy Aduleit ("plaintiff" or "Aduleit") is an adult, over eighteen years old, who currently resides in Nassau County in the State of New York.

8. Upon information and belief, Call-A-Head Portable Toilets, Inc. ("Defendant" or "CPT") is a New York for-profit corporation duly authorized to do business in New York State.

9. Upon information and belief, Defendant CPT, maintains offices at 304 Crossbay Blvd., Broad Channel, NY 11693.

10. "Plaintiff" as used in this complaint refers to the named Plaintiff.

11. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, defendant CPT was engaged in the business of purchasing, renting, installing, operating and managing portable toilets in the

New York tri-state area. See http://www.callahead.com.

13. Upon information and belief, and at all relevant times herein, defendant employed seventy persons or more.

14. Plaintiff was employed by defendant for about four months ending on or about May 15, 2014.

15. At all times relevant herein plaintiff was an hourly employee of defendant.

16. Upon information and belief and at all times relevant herein, plaintiff was paid $17.50/hr by Defendant.

17. At all times relevant herein, plaintiff was employed by defendant as a manual worker within New York to deliver and service portable toilets for Defendant's clients, including waste removal.

18. During his employment with defendant, plaintiff reported to defendant's location each day where he was given his list of portable toilet sites he was required to service for the day. Plaintiff then spent approximately 12-14 hours during the day, four days a week, completing the assigned work as he was required to do by defendant. However, in general, plaintiff was not paid for more than ten work hours a day, or more than forty work hours a week.

19. Upon information and belief and at all times relevant herein, plaintiff worked approximately 48-56 hours a week for defendant.

20. The amount of plaintiff's hours and wages will be refined when defendant produces wages and time records it was required to keep under the FLSA and NYLL.

21. On or about May 15, 2014, defendant directed plaintiff to work beyond his shift without further pay. Plaintiff objected on the grounds that defendant was not paying plaintiff any wages or overtime wages for working beyond ten hours a day or forty hours a week. In

response to plaintiff's wage and overtime complaint and opposition, Defendant terminated plaintiff's employment.

22. Plaintiff was terminated/discharged by defendant in retaliation/discrimination for opposing and complaining in good faith about the defendant's failure to pay him wages required by law.

23. Plaintiff incorporates herein, <u>accurate</u> records of his time, wages and employment that defendant was required to keep pursuant to the FLSA and NYLL.

24. Upon information and belief and at all times relevant herein, defendant had annual revenues and/or expenditures in excess of $500, 000.

25. Upon information and belief, and at all times relevant herein, defendant conducted business with insurance companies within and outside the state of New York.

26. Upon information and belief and at all times relevant herein, defendant purchased portable toilet supplies and equipment from vendors within and outside the state of New York.

27. At all times applicable herein, defendant conducted business with vendors and other businesses outside the State of New York.

28. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

29. At all times applicable herein and upon information and belief, defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

30. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

31. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

32. Upon information and belief and at all times applicable herein, defendant did not display the required FLSA and NYLL posters of employee wage rights as was required by the FLSA and NYLL and the regulations thereunder.

33. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)**

34. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 33 above as if set forth fully and at length herein.

35. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the FLSA.

36. At all times relevant to this action, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207.

37. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

38. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

39. Due to defendant's FLSA overtime violations, plaintiff is entitled to recover from defendant, his unpaid overtime and minimum wage compensation, <u>an additional equal amount (maximum) as liquidated damages</u>, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

40. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

41. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR 142.

42. At all times relevant herein, defendant <u>failed</u> and <u>willfully failed</u> to pay plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR 142-2.2.

## Relief Demanded

41. Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193 and 198 – Unpaid and Withheld Wages

6

42. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 41 above with the same force and effect as if fully set forth at length herein.

43. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

44. At all times relevant to this action, plaintiff was employed by defendant as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including § 191, 193.

45. At all relevant times herein, defendant violated and willfully violated plaintiff's rights under NYLL 191 by failing to pay plaintiff his wages, including his overtime wages, within the time required by NYLL 191.

**Relief Demanded**

46. Due to defendant's New York Labor Law Article 6 violations including violations of sections 191, 193 and 198, plaintiff is entitled to recover from defendant, his entire unpaid wages, including unpaid overtime wages, plus maximum liquidated damages, reasonable attorneys' fees, and costs of the action, as well as an injunction requiring plaintiff to stop its violations of plaintiff's overtime rights under the NYLL 190 et Seq., pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**FLSA RETALIATION/DISCRIMINATION - 29 U.S.C § 215**

47. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 45 above as if set forth fully and at length herein.

48. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the FLSA including 29 USC § 207 and 29 USC § 215.

49. At all times relevant herein, defendant was a covered person or entity within the meaning of

29 USC § 215.

50. Defendant discharged/terminated plaintiff's employment with it in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 for engaging in protected activity such as opposing and complaining in good faith about defendant's failure to pay plaintiff wages owed to him under the FLSA and requiring plaintiff to work without pay and overtime pay.

**Relief Demanded**

51. Defendant's FLSA violations, have caused and proximately caused plaintiff to suffer damages and plaintiff is entitled to and seeks to recover from defendant all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

## AS AND FOR A FIFTH CAUSE OF ACTION
## RETALIATION/DISCRIMINATION - NYLL § 215

52. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 50 above as if set forth fully and at length herein.

53. At all times relevant herein, plaintiff was employed by defendant, within the meaning of the New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

54. At all times relevant herein, defendant was a covered person or entity within the meaning of New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

55. Defendant discharged/terminated plaintiff's employment with it in retaliation and discrimination and in violation of the NYLL § 215 for engaging in protected activity such as opposing and complaining in good faith about defendant's failure to pay plaintiff wages owed to him under the NYLL.

56. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL §

215 prior to the filing of this action.

## Relief Demanded

57. Defendant's New York Labor Law violations, have caused and proximately caused plaintiff to suffer damages and plaintiff is entitled to recover from defendants all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

58. Declare Defendant to be in violation of the plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, NYLL § 215, and the Regulations thereunder;

59. As to his **First Cause of Action**, award plaintiff his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

60. As to his **Second Cause of Action**, award plaintiff his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

61. As to his **Third Cause of Action**, award plaintiff, his entire unpaid wages, including his unpaid overtime wages, plus maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including §§ 191, 193, 198.

62. As to his **Fourth Cause of Action**, award plaintiff all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

63. As to his **Fifth Cause of Action**, award Plaintiff all damages available under NYLL § 215,

including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215;

64. Award plaintiff prejudgement interest on all monies due.

65. Award plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

66. Award plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**June 5, 2014**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF